IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTHERN TEXAS

Raffeal Jerome Hill

Defendant/petitioner

vs.

UNITES STATES OF AMERICA,

Respondent.

criminal No. 2:20CR95

2:23-CV-170

**FILED**
NOV - 7 2022
CLERK, U.S. DISTRICT COURT
By ___ Deputy

**FILED**
**October 19, 2023**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

MOTION FOR COMPASSIONATE RELEASE

OR

PARTIAL REDUCTION IN SENTENCES

PURSUANT TO 18 U.S.C. 3582 (c)(1)(A)(i)

COMES NOW, Raffeal Jerome Hill (hereinafter Known as "Petitioner or " Mr. Hill ", respectfully submitting his Motion For Compassionate Release or Partial reduction In Sentence, for a showing of "Extraordinary and compelling reasons," pursuant to Amendment 603 of the First Step Act of 2018, and would offer the following in support:

==========================================================================

There is a pervasive officer misconduct in the BOP system, The Court may infer a "defacto policy or custom of tolerance of not following CDC guide lines for COVID-19 . FMC Devens Does not accurately report the number of COVID-19 cases. This institution still does not follow CDC guidelines. When an inmate gets sick and request medical help he is tested for COVID, if he test positive in a unit no other person is tested. Onerous lockdowns and restrictions have made the incarceration of prisoners far harsher than normal.").

Circuits courts throughout the United States have reduced sentences due to the harshness of confinement, see:

* UNITED STATES v. Mel, 2020 U.S. Dist. LEXIS 74491 (D. Md. Apr. 28, 2020) ("[T]he actual severity of [defendant's] sentence as a result of the Covid-19 outbreak exceeds what the court anticipated at the time of sentencing"); see also, United States v. McCurry, 2021 U.S. Dist. LEXIS 4913 (M.D. Fla. Jan. 5, 2021) (reduction given due to harsh conditions of confinement); United States v. Hodge, 2021 U.S. Dist. LEXIS 58090 (E.D. en. Mar. 26, 2021) (reduction granted due to risk of reinfection, and Hodge's conditions of confinement found to be harsh/oppressive);

* UNITED STATES v. Fields, 2020 U.S. Dist. LEXIS 229692 (E.D. Mich. Apr. 7, 2021) (same as Hodge & McCurry).

In part due the conditions of his confinement and his risk for infection, despite being fully vaccinated. Petitioner, argues the same conditions of confinement found to be extraordinary and compelling, those being: (1) lack of access to exercise/recreation; (2) lack of access to psychology services; (3) lack of proper nutrition due to supply chain issues, not able to supplement through commissary also because of supply chain issues (4) excessive/repeated lockdowns, due to the deliberate indifference towards health and safety; (5) lack of access to law library and grievance process. Arguably the combination of the foregoing deprivations violated Mr.. Hill's Eighth Amendment right

to be free from "cruel and unusual punishment."

(1) LACK OF ACCESS TO EXERCISE/RECREATION:

Exercise is one of the basic needs that prison officials must provide under the Eighth Amendment. See Wilson v. Seiter, 501 U.S. 294 (1991) ("Given current norms, exercise is no longer considered an optional form of recreation, but instead a necessary requirement for mental well being.").

(2) LACK OF ACCESS WITH THE OUTSIDE:

The Federal Constitution provides very little protection for visitation in prison. Although visiting is an aspect of the right to free association. See Overton v. Bazzetta, 529 U.S. 126 (2003).

Prisoners' have a First Amendment right to communicate by mail. See Davis v. Goord, 320 F.3d 346 (2d cir. 2003), however these rights may be restricted by prison officials. Reasonable restrictions on the purchase of postage and supplies by non-indigent prisoners will be upheld, see Davidson v. Mann, 129 F.3d 700 (2d cir. 1997), but the wholesale ban on the purchase of stamps would violate, not only, an inmates First Amendment right to freedom of association & speech, but also a denial of access to the court. See Bound v. Smith, 430 U.S. 817, 824-25(1997); see also Chandler v. Coughlin, 763 F.2d 110, 114 (2d Cir. 1985.).

Prison officials have a duty to prevent prisoners from being exposed to contagious diseases. See Helling v. McKinney, 509 U.S. 25, 28 (1993); see also, Wallis v. Baldwin, 70 F.3d 1024, 1076 (9th cir. 1995( (Applying Heeling to exposure to asbestos); Brown v. Mitchell, 327 F.Supp. 2d 615 (E.D. Va. July 28, 2004) (Applying Heeling to contagious diseases caused by overcrowded conditions). Which brings up Petitioner's challenge that FMC Devens is overcrowded and is in violation of President Biden's executive order, mandating individuals within federal buildings/facilities to maintain 6-feet apart. This is impossible for the Petitioner, to do as he has a cellmate, The Petitioner has to isolate himself within his cell for extended periods of time due to the lack of social distancing within the Unit that is at full capacity.

The Petitioner, recognizes these deprivations are actionable under Federal Tort, but he feels they fall squarely within the U.S.S.G. Section 1B1.13, application note 1

subsection (D)'s catchall provision, granting this Honorable Court jurisdiction over the foregoing claims. The Petitioner, argues the sentence he has been forced to serve, is not the sentence this Court had contemplated and has been harsher than other sentenced prior or after the pandemic has ended. The Petitioner, requests that this Court, should consider a modest reduction of his sentence.

III. SECTION 3553 SUPPORTS COMPASSIONATE RELEASE OR REDUCTION:

When extraordinary and compelling reasons are found the court must "consider [ ] the [ sentencing factors set forth in Section 3553(a) to the extent that they are applicable." 18 U.S.C. } 3582(c)(1)(A). Section 3553(a) "contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing." Kimbrough v. United States, 552 U.S. 85 (2007) (emphasis added) (quoting 18 U.S.C. } 3553(a)). These goals include:

- (A) to reflect the seriousness of the offense to promote respect for the law, and provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. 18 U.S.C. } 3553(a)(2). The other applicable sentencing factors the court must consider are "the nature and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of simmer conduct." id. } 3553(a)(1)-(6).

According to the Center For Disease Control and prevention (CDC) there are several factors that increase a persons risk of sever illness from COVID-19. Arguably, the most decisive factor is a persons age. (Older Adults), CDC. In concert with the COVID-19 Public health crisis. The petitioner has presented extraordinary and compelling reasons, the only dispositive issue this Court must decide is whether the } 3553(a) factors are consistent with Mr. Hill's

request for a partial reduction in his sentence.

Under } 3582(c), it is true that "the default presumption is that the court cannot modify a term of imprisonment, and that it can only change a sentence if the defendant presents extraordinary and compelling reasons that warrant such a reduction." United States v. Greene, 2021 WL 354446, at *16 (D.D.C. Feb 2, 2021). However, when "the defendant makes a showing, the presumption then effectively shifts in the favor of his release, and the court must determine whether any of the purposes of punishment set forth in section 3553(a) require keeping the defendant incarcerated nevertheless: that is notwithstanding the extraordinary and compelling circumstances that would otherwise justify releasing him. Id. (emphasis added). In other words, where a defendant demonstrates extraordinary and compelling circumstances, which the Petitioner, concededly has, the presumption shifts in favor of his release or in the alternative a modification of sentence.

the sentencing purposes of punishment do not warrant a sentence to included exposure to a life-threatening illness (COVID-19 & the Delta Variant, Omicron and a new Omicron mutation BA.2.3). In fact, the Eighth Amendment's prohibition on cruel and unusual punishment includes unreasonable exposure to dangerous conditions. Helling 509 U.S. at 28. The service of a sentence in violation does not "promote respect for the law."

The sentence Mr. Hill has been forced to serve is a far cry from the sentence this Honorable Court had contemplated at sentencing. Some of these differences affect all inmates during this pandemic, such as constant lockdowns and unusually severe conditions of confinement necessary to reduce the risk of COVID-19 infections in the close quarters of prison. Another difference, while not affecting the entire federal population, was sadly widespread at FMC Devens; the overwhelming risk of contracting COVID-19. The Court plainly must consider the risk of illness to which Mr. Hill is exposed to when assessing the "kinds of sentences available," as well as whether his sentence reflects "just punishment" and whether the sentence has provided needed medical care, training and other correctional treatment, which Mr.. Hill argues he has not been provided. Mr. Hill request that the court grant compassionate release or alternatively , that the court order an early release to home confinement. Mr. Hill suffers from hypertension and end stage renal disease and is dependent on renal dialysis.

the Defendant also surfers from obstructive nephropathy and Cerebral palsy. This puts Mr. Hill at risk of severe illness if he would contract COVID-19. Mr. Hill avers that compassionate release is justified because his medical conditions combined with the threat of COVID-19 constitutes an "extraordinary and compelling reason" under 18 U.S.C. {3582 (c)(1)(A)(i). Mr. Hill argues that the factors weigh in favor of compassionate release. The Defendant has already served 23.8% of his sentence including good time earned , his continued incarceration would not serve the goals of sentencing , a reduction in his sentence would not create unwarranted sentencing disparities , and he does not pose a danger to the community if released.

===================================================================

Furthermore, both the increased risks Mr. Hill continues to face due to the variants and lack of protection from the vaccines, may enhance the deterrent effect of his prison sentence by making his sentence harsher, both physically and emotionally, than would have otherwise normally have been. Mr. Hill's term in custody has proven more arduous than the court could have anticipated. As has been widely chronicled, the pandemic has required extreme restrictions on prisoner's movements and visits. It has also exposed prisoners to heightened fears of contagion, long before the current pandemic. The same logic applies here. A day spent in prison under extreme lockdown and in fear of contracting a deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison. While not intended as punishment, incarceration in such conditions is unavoidably more punishing. see e.g., United States v. Rodriguez, No.00 Cr.761 (JSR) 492 F. Sup.3rd 306,2020 U.S.Dist.LEXIS 181004,2020 WL 5810161, at *3 (S.D.N.Y. Sept.30,2020)("The pandemic, aside from posing a threat to [a defendants] health, has made [a defendants] incarceration harsher and more punitive than would otherwise have been the case. This is because the federal prisons, as 'prime candidates' for the spread of the virus, have hade to impose onerous lockdowns and restrictions that have made the incarceration of prisoners far harsher than normal."); United States v. Salemo, No 11 Cr 65 (JSR), 2020 U.S. Dist. LEXIS 86977,2020 WL 2521555,at *3(S.D.N.Y. May 17,2020)("BOP has taken a number of steps to mitigate the spread of the virus in federal prisons... [including] restrictions on {2021 U.S. Dist. Lexis 9 } visitors, restrictions on gatherings...[and] lockdowns lasting 14 days"). "Courts have found general concerns about possible exposure to COVID-19 ' Do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set fourth in the Sentencing Commission's policy statement" But the life threatening disease COVID-19 infection is real and not merely a general concern.

The FSA amended 3582(C) to permit motions for compassionate release by defendants

. See id.; United States v. Baye, 464F. Supp. 3d 1178, 2020 WL 28575000, at *8 (D. Nev., 2020)(nothing that the FSA "materially altered 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release"). A defendant may bring a Motion for compassionate release under 3582(c) only after (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all {2022 U>S> Dist LEXIS 3} administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. 3582 (c)(1)(A); see United States v. Keller, 2 F .4th 1278, 1282 (9th Cir.2021)("joining the unanimous consensus of our sister circuits, we hold that 3582 (c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced[.]"). Specifically the amended version of .3582(c) provides:

It is clear Congress, through the FSA, intended to increase the use of compassionate release by allowing defendants to directly petition the sentencing court after exhausting administrative remedies. see Pub. L. No 115-391, 603(b), 132 Stat. at 5239. The statute instructs the court may reduce a term of imprisonment for "extraordinary and compelling reasons" if " such a reduction is consistent with applicable policy statements issued by Sentencing commission [.]" 18 U.S.C. 3582(c)(1)(A). The court should assume the policy statements still apply to compassionate release motions brought under the FSA and utilize USSG 1B1.13, Application Notes 1(A)-(D) to guide its analysis. See, e.g., Muhs, 2021 U.S. Dist. LEXIS 21779.

"Incarceration is much more than merely a change in location or an obstacle to physical mobility. It is a fundamental change in one's constitutional status. There is one final consideration that is relevant in this regard. There is a grain of truth to the oftrepeated aphorism that a society is best judged by its prisons, and the treatment of its outcasts. Certainly the accomplishments of science and the arts are a correct measure of the character of a people. However, a society's ethics, as manifested by its treatment of those who have offended it, may be a more telling characteristic. Beyond considerations such as "there but for the grace of God go I," a society's treatment of its prisoners can be viewed as the constitutional floor below which society will tolerate no variations in condition. The treatment of prisoners may be characterized as a society's moral lowest common denominator."

SENTENCE REDUCTION IS CONSISTENT WITH § 3553(a)

Finally, the court should ask whether there is a sentence reduction consistent with § 3553(a) factors that are warranted by extraordinary and compelling reasons. A motion for sentence reductions can be granted only where there is a nexus between the two because the court may reduce a defendant's sentence only if the "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Petitioner, has presumptively made a showing of extraordinary and compelling reasons and feels all the § 3553(a) factors can be met through a well crafted set of conditions upon release. Find enclosed (EXHIBIT A), Petitioner, The Petitioner, detailed release plan for this Court's review and (EXHIBIT B) the wardens reply. The petitioner would also like to request a public defender to help with the compassionate release (3582) procedings.

========================================================================

## CONCLUSION

Wherefore, a showing of extraordinary and compelling reasons, the Petitioner requests this Honorable Court Grant his request for Compassionate Release or in the alternative, to reduce his sentence due to the harshness of his sentence.

I, Jerome Raffeal Hill, do hereby declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, the foregoing facts represented in this Motion For Compassionate Release or Partial Reduction In Sentence are true and correct.

Dated: OCT 4, 22

Respectfully submitted,

_Jerome Raffeal Hill_ , pro se
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432

EXHIBIT A

DETALED SUPPORT PLAN

Dearly Honor I was sending this letter to notify you that I'm be living with my Mom at 520 SW 45-th Ave Amarillo TX 79110. I'm Be in Good hands working dish washer or construction or fast food or a server or bartender. I'm not going to be doing the things I use to do that got me in trouble. I'm be back on SSI and Social security to and my medical stuff is going to be took care of by Amerigroup and medicade . Support by my Mom and Brother and to. I'm be trying to get my education back going if I get my GED here in prison I'm be working full time employment and I'm be working on mental health and see about help and classes this is all.
      Thank you for your time and consideration.

EXHIBIT B

# FMC DEVENS
## COMPASSIONATE RELEASE NOTIFICATION FORM

HILL, Raffael Jerome
Reg. No. 08128-509

On this date, the above individual was informed (verbally and/or in writing) that his request for Compassionate Release (Program Statement 5050.50) was denied.

The above individual was explained the reasons for denial, how to appeal the decision (if applicable), how to reapply for Compassionate Release (if applicable), and understands the processing and current status of his Compassionate Release request, as well as any other pertinent information.

_Raffeae Jerome Hill_                                    6-24-22
Name                                                      Date

S. Rasmussen, LICSW
Clinical Social Worker
FMC Devens

_Rasmussen_
Staff person



ATTACH TO MOTION COMP REALEASE
#CASE 2:20CR95
INMATE RAFFEAL JEROME HILL

RECEIVED
NOV - 1 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

To Whom it May Concern,

In Regards to Raffeal J Hill:

My name is Courtney Hudson and I am a family friend of Raffeal and I would like to show my strongest support.

With everything going on with him I can and will express my support towards Raffeal in the upright manner, pushing him to achieve goals and better himself as I will always support him in making better choices and bettering himself.

I have known Raffeal Hill for five years and during that time. I have observed him being a honest young man, a great Brother to his brother and a even better Brother towards his Sister also a great Son towards his mom. Hes a respectful young man. Something about helping people

Really Makes him happy. He is Such an unselfish person.

It is in Rakeabs deepest Regret that he made poor choices to get him where He is. I will Continue to be in Rakeeebs Corner and pushing him to be a better person, a wiser man, and live a successful live A Healthy Life Style. I am for hm bettering himself in every asspect.

With my Continuous Support

Sincerly,

Courtney Hutson



RAFFEAL JEROME HILL #08128509
FEDERAL MEDICAL CENTER · DEVENS
P·O BOX 879
AVER, MA 01432

BOSTON MA 020
28 OCT 2022 PM 6 L

J. MARVIN JONES FEDERAL BUILDING
205 EAST FIFTH AVENUE, ROOM 103
AMARILLO, TX 79101
78101-155999

RECEIVED
NOV - 1 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS